Okay, the sixth and final argument of the morning is in Appeal No. 243020, the United States v. Travis Thomas. Okay. Is it Ms. Knipken? It is. Nice to see you. Go right ahead when you're ready. Good afternoon. My name is Courtney Knippen, and I am the attorney for the appellant, Travis Thomas. Mr. Thomas' criminal case is before this court today following a jury trial where Mr. Thomas was found guilty on all counts. We are asking this court to vacate those convictions and remand his case for a new trial based on two issues. The first is where the district court erred by failing to dismiss or at least question the first panel of jurors who were exposed to bias by Prospective Juror 24. The second is where the district court erred by giving the jury a copy of the indictment. I'm going to focus my argument today on the second issue because that requires this court to determine whether a constitutionally adequate inquiry was conducted of the jury in Mr. Thomas'  For the court to answer that question, it first has to determine the probability of  Now, as this court has said in Oswald, the greater the probability of bias, the more search in the inquiry as that is needed. Oswald seems very different than this case because in Oswald, all the jurors were talking about the case and talking about how the defendant was guilty before the trial even started, which is not what we have here. That's true, Judge, but what we have here is still a high probability of bias. And the court doesn't need to only look at the facts and circumstances of this case to find that, but it can also look at common sense. And so we know that when we are unfamiliar with something, we look to others to help make a decision. And so that means, I mean, we have a whole industry around it. So when we are unfamiliar with a restaurant, we look at a review. That goes for attorneys, businesses, hotels, anything else. And the quality of the review matters. Why wouldn't, even if you're right that this was biased, why wouldn't the court's instructions have cured any harm here? Because shortly after the juror 24, I think it was, made the statements about the indictment, the jury told them an indictment has no evidentiary value. The final instructions to the court before they deliberated from the court to the jury said the indictment has no evidentiary value. Why wouldn't those instructions? I think the jury questionnaire itself had a direction on them, that the indictment has no value. Why wouldn't all of that be sufficient to safeguard against this? Because there was a high probability of bias in this case, Judge, and that is why a more searching inquiry was needed. If there was no bias in this case, then I agree. Jury instructions would be fine because that is what happens in every case. But here, as in Oswald says, when there is a high probability of bias, more searching inquiry is needed. And we know there was a high probability of bias in this case for three reasons. The first is that the juror 24 was clearly biased in favor of the government. The second is that she had extensive knowledge and experience that gave credibility to her biased opinion. And third is that she was, in fact, persuasive, and her biased opinion was well-reasoned. And I can just take each of those in turn. We know that her opinion was biased because the judge picked her as someone who believes that once a defendant is facing trial, they must be guilty. When she was asked whether she would give the benefit of the doubt to the government, she said she surely would, and she was struck for cause. But the bias doesn't stop there. The probability continued to rise because of her expertise, which was her long employment in law enforcement, which included her being a matron, her transporting prisoners back and forth. This is all the things that the jury heard, and more specifically, her review of cases. In her opinion, cases all the way from theft to murder. So her biased opinion had some weight to it because she had that experience, and it was obviously persuasive. And we know that it was persuasive because that's exactly what the government said. When asked why she shouldn't be struck for cause, the government said, well, her opinion was reasonable. But that wasn't the question. The question wasn't, in light of her experience, was her opinion reasonable? The question was, in light of her experience, could she be impartial? And the answer was clearly no. And that is why she was struck. And that is the same pitfall that the district court fell into. Because the district court explained that, well, her opinion was unsurprising. But again, that's not the question. The question wasn't whether her opinion was surprising. The question was whether her opinion was biased. And of course it was. It seems like you're arguing that any time a potential juror gives a response that says they can't be fair, which happens during jury selection, that the onus is then on the court to question the entire venire. Well, I think I disagree with that for two reasons, Judge, respectfully. The first is that in these cases, it's very fact-specific. And that is why her opinion is different than some other jurors who just base their opinions on one or two experiences with the criminal justice system or just looking at the news. Again, that is why the probability was so high. The other part is that I don't believe that the jury needs to be questioned every time. But in this case, they needed to be questioned because they heard this and there was no follow-up questions. And so that is why the district court, and that is where we think the district court erred. And by saying that her statements were not prejudicial, that is where the court abused its discretion. Because of course they were. And by failing to acknowledge that her statements were prejudicial, they failed to conduct any inquiry. And by failing to conduct an adequate inquiry, they failed to ensure that Mr. Thomas received a fair trial. And that is why the case has to be remanded. Because again, we have to take ourselves out of it. As people who are familiar with the system, we understand the nuances, but the jurors do not. And so they will look to someone like Prospective Juror 24, who has experience, who does have bias, and her opinion was well-reasoned. And again, we see that in other places and in common sense and in industries. We don't give weight to something that is a review that is second-hand, that is short or is unpersuasive. That's not the same for a review that is based on first-hand experience or is well-reasoned. That is exactly what happened here, and that is why the bias was so high in this case. And so I reserve the rest for rebuttal. Okay, very well. We'll hear from the government. Good afternoon, and may it please the Court. My name is Alex Morgan, and I represent the United States. The District Court acted well within its discretion here in handling the comments of Prospective Juror 24. The fact that one juror voiced her opinion and potential biases as the voir dire process is designed to elicit doesn't implicate the impartiality of the remainder of the jury pool. I think opposing counsel is conflating a bit the bias for this particular juror who is dismissed for cause and the probability of bias on the remainder of the jury pool. As the District Court concluded, the probability for the remainder of the pool to be biased was very low based on the nature of this individual juror's comments, which were not specific to the defendant or the investigation or any of the witnesses involved. Can both things be true? Let me say that a little more specifically. Two things can be true. You could be right. You are right. It was not specific to Mr. Thomas. It was not specific to this investigation. It was not specific to this case. At the same time, Ms. Knippen is right that it was specific to the idea that police don't bring cases they can't charge. She did specifically name various law enforcement agencies, one of which would then be at issue in this trial. There was a witness from Rockford in this trial that she talked about. Knowing people in Rockford and talking about her knowledge of Zion extended, she was talking about this extends beyond what I observed in Zion because the District Court did try to pin her down. So two things can be true. I think that's correct. What I'll note is that she did agree that her work experience and expertise in that area were limited to Zion. And she mentioned that she had some social relationships with law enforcement in Rockford. And I just think the general nature of those comments was not, did not, they were so general that they just didn't indicate a risk of bias. And if you look at some of this court's case. If we disagree with you and don't find the comments to be general, because Mr. Thomas makes the point, it's different from saying I don't think I can be fair because I've had negative experiences being stopped by police. She says my specific work experience, here's my, I've had three positions in this police department, but I know people in other departments and they're just like that. So we don't think it's general. Is there still a path forward for you? Yes, Your Honor, for two reasons. First, each of the impaneled jurors, including also the jury pool, was properly instructed many times on how to properly consider an indictment and the fact that the indictment did not raise even an inference of guilt. And on the written questionnaires, each of the impaneled jurors affirmed that they rejected the idea that the defendant must be guilty if he were facing trial. So on that record, I still think that further inquiry was not necessary. Those affirmances that you talk about, those, of course, happened before Juror 24 spoke. That's correct. So how do we credit that as persuasive evidence that the probability, because we're talking about probability here, right, and whether a response is adequate to the probability faced, how is that persuasive evidence that 1 through 23 weren't affected by later hearing 24's very strident comments? I agree that that standing alone might not be enough, but what I think is important here is that the jurors, the whole point of this process was to ferret out who personally held that belief, and what the jurors were affirming before hearing, obviously, from this prospective juror, was that they did not share that belief. And if they may have been influenced even marginally by this prospective juror's comments, they were instructed many times that that was not the proper way to look at an indictment and the fact that charges had been brought. So I think those two things in conjunction, when looking at the record, show that the probability of bias was nonetheless low. I want to ask you about some of our cases, because it seems that we have several cases where, when the defendant moved for the entire panel of Vennire to be dismissed after a prospective juror made a prejudicial comment, we held that dismissing the entire panel wasn't warranted because, among other things, the trial court questioned the remaining potential jurors about their ability to be impartial after the prospective jurors. So I'm thinking about Lott, Howard, Fernandez. So how do we look at what happened here against that fact pattern that's not here? I agree, Your Honor, that those cases that the government relies on, it is the case that there was some after-the-fact questioning that occurred. But this court has also been very clear that an individualized ordeal is not always necessary and that it, again, depends on the probability of bias and that the district court is in the best position to assess that bias as the judge that's sitting in the room and can see how the jurors are reacting. And so I think that in this particular instance, the court was within its discretion in determining that the further inquiry wasn't necessary and might even exacerbate maybe the comments that that prospective juror had made. If there are no further questions, the government requests that this court affirm the defendant's convictions and sentence. Okay, very well. Yeah, if you have some rebuttal time, you're welcome to use it. Thank you. Just a few points. I think just to piggyback off the idea that was raised before is that that is exactly right. There is a spectrum of inquiry that can happen in this case. It doesn't need to be dismissal or nothing. What happened in this case was no inquiry at all after they were exposed to jury 24 as biased. That's the issue. And, again, the level of probability determines the level of inquiry. So if this court finds that, well, it didn't warrant the full dismissal of the panel, it could still find it warranted questioning. Now, that questioning could be individualized. It could be to the general panel. It could, as the court recognized, exactly like it was in Hernandez and Guzman, where you don't have to point to jury 24's comments and exaggerate those comments, but you can do follow-up questions that ask, based on what you've heard today in Vourdir, do you feel like you're not able to be impartial? Because there was no inquiry that was taken after they were exposed. And that is the issue here. Because if this court finds there is a probability of bias, then there is an adequate inquiry was not conducted. And Mr. Thomas is entitled to a new trial because he is entitled to a fair jury. So your position is there is no world in which the comments can be both prejudicial and the district court's response can be adequate? Yes. I think that is absolutely right. Because if her comments were prejudicial, and they were, there was no inquiry that happened. That is, again, the bias determines the level of inquiry. But I don't think it's just a matter of whether she was simply biased. There was a high probability of bias because of her individualized, you know, her acknowledging experience. And she, again, was very well reasoned in her explanation. The government said it, but they continue to miss the point. That's not the point. The point is she convinced the other jurors that when a defendant has gotten to this point, they have enough evidence to prosecute or they have enough evidence to convict. And that is the same idea that they went into this trial with. Just as if you were told this restaurant is going to be great, I know they said keep an open mind, but you walk in expecting a good meal. And that is exactly what happened here. They walked in expecting to have enough evidence to prosecute, and the presumption was not with the defendant as it should have been. Thank you. Okay. Ms. Kniffen, thanks to you. I have a note here that if I'm right, you and your colleague accepted this case on appointment from the court. We very much appreciate that, your service not only to Mr. Thomas but to the court as well. And with thanks to the government, we'll take the appeal under advisement. That concludes today's arguments, and the court will be in recess.